IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL NO. 5:04-cv-00019-W

| | |
|---|---|
| GEORGE A. O'BAR, and JACOB A. PEARCE, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) |
| LOWE'S HOME CENTERS, INC., | ) ) |
| Defendant. | ) ) |

ORDER

THIS MATTER is before the Court on Defendant's Appeal of Order Granting Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. No. 23), Plaintiffs' Motion to Compel (Doc. No. 36), Plaintiffs' Motion to Modify the Scheduling Order (Doc. No. 35), and Plaintiffs' Motion Pursuant to Rule 56 (f) to Allow Plaintiffs Additional Time to Respond to Defendant's Motion for Summary Judgment (Doc. No. 39). For the reasons stated in the oral ruling issued in open court on October 4, 2006, the Magistrate Judge's Order granting Plaintiffs' Motion for Leave to File a Second Amended Complaint is hereby affirmed. Defendant is ordered to submit to the Court an Answer to the Second Amended Complaint within twenty (20) calendar days, which deadline is Tuesday, October 24, 2006.

Turning to the Motion to Compel, for the reasons stated in the oral ruling issued in open court on October 4, 2006, Plaintiff's Motion to Compel is granted in part and denied in part. Defendant is ordered to produce responsive information and documents related to comparable jobs from the date of one year prior to the limitations period. This includes information and documents concerning

-1-

gender and race discrimination within these comparable jobs and limited time period. The responsive information and documents must be served on Plaintiffs within twenty (20) calendar days, which deadline is Tuesday, October 24, 2006. This Order therefore resolves the objections and disputes regarding Interrogatories Numbers three (3), nine (9), ten (10), and eleven (11), as well as Requests for Production of Documents Numbers fourteen (14), twenty (20), twenty-one (21), twenty-two (22), thirty-one (31), thirty-two (32), thirty-three (33), thirty-four (34), thirty-five (35), thirty-six (36), thirty-seven (37), thirty-eight (38), fifty-one (51), fifty-five (55), fifty-seven (57), sixty-five (65), sixty-six (66), sixty-seven (67), sixty-eight (68). This Order also resolves the objections and disputes regarding Requests for Production of Documents Numbers seventeen (17), eighteen (18), nineteen (19), forty-three (43), forty-four (44), forty-five (45), forty-six (46), forty-seven (47), forty-eight (48), and forty-nine (49) to the extent Defendant does not assert an attorney-client privilege or protection under the work-product doctrine.

Further, Defendant is ordered to submit to the Court, for an *in camera* inspection, its privilege log, along with copies of all documents and responsive information that it contends to be privileged or protected by the work-product doctrine including, but not limited to, Defendant's responses to Interrogatory Number five (5) and Requests for Production of Documents Numbers two (2), six (6), eleven (11), twelve (12), seventeen (17), eighteen (18), nineteen (19), forty-three (43), forty-four (44), forty-five (45), forty-six (46), forty-seven (47), forty-eight (48), and forty-nine (49). Defendant must provide such documents to the Court within ten (10) calendar days, or by October 14, 2006.

This leaves a handful of remaining objections to Plaintiffs' Requests for Production. On the issue of whether Defendant must provide electronic copies of records, this Court grants the Motion

to Compel and orders Defendant to produce electronic versions of all available electronic documents and files. As to Requests for Production Numbers 26 and 27 requesting Lowe's investigative files for Plaintiffs, this Court grants the Motion to Compel and orders Defendant to provide copies of the files. To the extent Defendant asserts a privilege, Defendant is ordered to submit the alleged privileged documents to the Court with other documents as ordered herein. As to Request for Production Number 62, which requests all documents referencing the Home Depot class action, the Court denies the Motion to Compel and sustains Defendant's objections to this request. Plaintiffs have failed to present legal authority or good reason to support production of this information. For similar reasons, Requests for Production Numbers sixty-three (63) and sixty-four (64) are denied because Plaintiffs have failed to present legal authority or good reason to support production of the information and documents.

Finally, as to Plaintiffs' Motion to Modify the Scheduling Order, the Court, in its discretion and for the reasons stated in the oral ruling issued in open court on October 4, 2006, orders the discovery deadline be set for fifty-two calendar days from October 4, 2006, which would be to and through Monday, November 27, 2006. All discovery is to be completed within that time period. Pursuant to this extension and Plaintiffs' Rule 56(f) Motion, the Court, in its discretion, will allow Plaintiffs until Monday, December 11, 2006, which is 14 calendar days after the discovery deadline, to file its response to Defendant's Motion for Summary Judgment. Both parties will also have until the December 11, 2006, deadline to file any other dispositive motions. Defendant's Reply to Plaintiffs' Response and all other responses to any other motions will be due within seven calendar days, which is Monday, December 18, 2006.

THEREFORE, it is Ordered that the Magistrate's Order granting Plaintiffs' Motion to Amend

is hereby AFFIRMED. Further, Plaintiffs' Motion to Compel is GRANTED in part and DENIED in part as stated in this oral ruling. The Court reserves judgment on the Motion to Compel inasmuch as Defendant has asserted objections based on an attorney-client privilege and the work-product doctrine pending an in camera review of the alleged protected documents. Finally, Plaintiffs' Motion to Modify the Scheduling Order is GRANTED in part with new deadlines set as stated herein. The Clerk is directed to set a hearing on Defendant's pending Motion for Summary Judgment for 10:00 AM on Friday, December 22, 2006.

IT IS SO ORDERED.

Signed: October 5, 2006

Frank D. Whitney
United States District Judge