IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 5:04-cv-00019-W

| | |
|---|---|
| GEORGE A. O'BAR, and JACOB A. PEARCE, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )<br>)<br>) |
| LOWE'S HOME CENTERS, INC., | )<br>) |
| Defendant. | )<br>) |

ORDER

THIS MATTER is before the Court on Plaintiffs' Motion to Compel (Doc. No. 36), Memorandum on Plaintiffs' Motion to Compel (Doc. No. 37), Defendant's Response in Opposition to Plaintiffs' Motion to Compel (Doc. No. 44), and Plaintiffs' Reply to Response to Motion to Compel (Doc. No. 46). For the reasons stated in the oral ruling issued in open court on October 4, 2006, the Court ruled to grant in part and deny in part Plaintiffs' Motion to Compel. (See Doc. No. 53). The Court reserved ruling on the Motion to Compel inasmuch as it involved Defendant's objections based on the attorney-client privilege and the work product doctrine. As part of the Court's Order, Defendant was ordered to submit to the Court, for an *in camera* inspection, its privilege log, along with copies of all documents and responsive information that it contends to be privileged or protected by the work product doctrine.

Having carefully reviewed the documents submitted by Defendant, pleadings, record, arguments of counsel, and applicable authority, the Court will deny in part the Motion to Compel as it relates to the objections of attorney-client privilege and grant in part the Motion to Compel as

it relates to Defendant's assertion of protection under the work-product doctrine.

## Analysis

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); Hickman v. Taylor, 329 U.S. 495, 507 (1947).

Whether to grant or deny a motion to compel is generally left within the district court's broad discretion. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel); LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same). However, regarding cases such as this, where work product doctrine and attorney-client privilege are raised in objection to a discovery request, the Fourth Circuit has stated that "[w]e review the district court's decision that certain documents are subject to privilege *de novo*, since it involves a mixed question of law and fact." Chaudhry v. Gallerizzo, 174 F.3d 394, 402 (4th Cir.), cert. denied, 120 S. Ct. 215 (1999); accord In re Grand Jury Proceedings, 33 F.3d 342, 353 (4th Cir. 1994).

A.     **Attorney-Client Privilege**

The attorney-client privilege is intended to encourage those who find themselves in actual or potential legal disputes to be candid with lawyers who advise them, and is one of the oldest recognized privileges for confidential communications. See Upjohn Co. v. United States, 449 U.S. 383, 389 (1981); Hunt v. Blackburn, 128 U.S. 464, 470 (1888).  The attorney-client privilege is intended to encourage "full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice." Upjohn, 449 U.S. at 389; accord Swidler & Berlin v. U.S., 524 U.S. 399, 404 (1998).

When the privilege applies, it affords confidential communications between lawyer and client complete protection from disclosure.  See Trammel v. United States, 445 U.S. 40, 50 (1980); In re Grand Jury Subpoena, 204 F.3d 516, 519-20 (4th Cir. 2000); Hawkins v. Stables, 148 F.3d 379, 383 (4th Cir. 1998).  This protection applies to communications between a corporate party and its in-house counsel, as well as to communications with a privately-retained attorney.  See Upjohn, 449 U.S. at 389-90.  Further, it is well established that the attorney-client privilege extends not only to documents authored by an attorney but also to information and queries submitted to him by his client.  Upjohn, 449 U.S. at 390 (explaining that the attorney-client privilege "exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice"); In re Allen, 106 F.3d 582, 601 (4th Cir. 1997) (applying Upjohn).

Applying these legal principles to the documents listed in the Defendant's updated privilege log and which the undersigned has reviewed *in camera*, documents ## 1-3 and 6-7 were authored by or submitted to the Defendant's in-house counsel and discuss counsel's investigation of the facts

surrounding Plaintiffs' complaints of discrimination. Therefore, these documents are subject to attorney-client privilege. Accordingly, Defendant will not be required to produce them. However, with the exception of documents Bates Stamped as numbers L-0003969-L-0003972,[1] the remaining documents are not attorney-client communications because they are not communications with Defendant's in-house or outside counsel, and do not appear to have been prepared at the direction of Defendant's in-house or outside counsel. Thus, the inquiry turns to whether these remaining documents are protected under the work product doctrine.

**B.      Work Product Doctrine**

Rule 26(b)(3) of the Federal Rules of Civil Procedure addresses the work product doctrine and provides:

> Trial Preparation: Materials . . . [A] party may obtain discovery of documents and tangible things otherwise discoverable . . . and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

As the Fourth Circuit has described the work product doctrine, "Under the work product rule, codified in Fed. R. Civ. P. 26(b)(3), an attorney is not required to divulge, by discovery or otherwise, facts developed by his efforts in preparation of the case or opinions he has formed about any phase

---

[1] These documents found under tab number 4 are identical to the privileged documents identified on the privilege log as numbers 1-3 and identified by Bates Numbers L-0002832 - L-0002835. As with the documents under tabs numbered 1-3, Defendant is not required to produce the identical documents under tab 4 bearing Bates Numbers L-0003969 - L-0003972.

of the litigation . . . ." Chaudhry, 174 F.3d at 403 (internal citations omitted) (emphasis added); accord Grand Jury, 33 F.3d at 348; In re Doe, 662 F.2d 1073, 1077-80 (4th Cir. 1981).

In order to qualify for the work product doctrine, the document must be prepared "because of the prospect of litigation when the preparer faces an actual claim or a potential claim following an actual event or series of events that reasonably could result in litigation." National Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co., Inc., 967 F.2d 980, 984 (4th Cir. 1992). The fact that litigation is recognized generally as a possibility or that litigation in fact ensues is insufficient to cloak material with work product immunity. Id.

The party asserting work product protection has the burden of proving that the disputed items are subject to the doctrine, which is intended to prevent a litigant from taking a free ride on the research and thinking of his opponent's lawyer and to avoid the resulting deterrent to a lawyer's committing his thoughts to paper. See, e.g., United States v. Nobles, 422 U.S. 225, 236-39 (1975); Taylor, 329 U.S. at 510-11; U.S. v. Bornstein, 977 F.2d 112, 117 (4th Cir. 1992) (citing United States v. Powell, 379 U.S. 48, 58 (1964)).

Here, Defendant has failed to meet its burden to establish protection under the work product doctrine for documents under tabs numbered 4 and 5.[2] Although Defendant objected to producing the documents because of the work product doctrine, nothing indicates these documents were prepared by or at the direction of Defendant's in-house or other counsel or make reference to even potential litigation with Plaintiffs. Notably, none of the documents are directed or addressed to Defendant's in-house counsel or other counsel, and some of the documents were created prior to

---

[2] This excludes documents identified by the Bates numbers L-0003969-L-0003972, which the Court has already found to be protected by the attorney-client privilege. As such, Defendant is not ordered to produce these four pages found under tab 4.

Plaintiffs' reporting of discrimination to either Defendant or the EEOC. Moreover, Defendant has not shown how these documents indicate the mental processes or thoughts of Defendant's in-house counsel. Rather, it appears these documents are interoffice communications and created in the ordinary course of the Defendant's business. The fact these documents appear in the in-house counsel's investigation file, without more, is insufficient to establish protection under the work product doctrine. See United States Postal Service v. Phelps Dodge Refining Corp., 852 F. Supp. 156, 163-64 (E.D.N.Y. 1994) (noting that "[a] corporation cannot be permitted to insulate its files from discovery simply by sending a 'cc' to in-house counsel"). Accordingly, these documents are not protected under the work product doctrine, and Defendant must produce them.

THEREFORE, IT IS ORDERED that Plaintiffs' Motion to Compel is DENIED IN PART as to documents found under tabs numbered 1, 2, 3, 6, and 7, as well as documents bearing the Bates Numbers L-0003969 - L-0003972 found under tab number 4. Plaintiff's Motion to Compel is GRANTED IN PART as to the remaining documents.

IT IS SO ORDERED.

Signed: October 19, 2006

Frank D. Whitney
United States District Judge