IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL NO. 5:04-cv-00019-W

| | |
|---|---|
| GEORGE A. O'BAR, and JACOB A. PEARCE, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ORDER ) ) |
| LOWE'S HOME CENTERS, INC., | ) ) |
| Defendant. | ) ) ) |

THIS MATTER is before the Court on Plaintiffs' Motion for Rule 37 Sanctions, for Protective Orders, and for Clarification (Doc. No. 61), filed October 26, 2006; Plaintiffs' Memorandum in Support of its Motion, filed, as amended, on October 30, 2006. (Doc. No. 63); and Defendant's Motion and Supporting Memorandum to Submit Additional Documents for *In Camera* Review (Doc. No. 66), filed November 6, 2006. The Court GRANTS Defendant's Motion, and, after reviewing the submitted documents and applicable law, ORDERS Defendant produce certain non-privileged and non-protected documents as set forth herein.

The Court refers the parties to and incorporates by reference its Order of October 19, 2006, (Doc. No. 55), which explained the applicable law regarding the Court's review of documents claimed to be protected by the attorney-client privilege or the work product doctrine. Applying this law, the Court summarily finds the following documents are confidential communications between lawyer and client and/or facts developed by Defendants' attorneys' efforts in preparation of the case or opinions they have formed about any phase of the litigation, and therefore, have complete protection from disclosure: L-G-0001; L-G- 0120; L-G-0121-0141; L-G-00142-0149; L-G-0150-

0151; L-G-0152-0154; L-G-0155; L-G-0156-0158; L-G-0161-163; L-G-0164-0165; L-G-0166; L-G-0167; L-G-0170; L-G-0172-0201; L-G-0202; L-G-0203; L-G-0211-0214; L-G-0215-0219; L-G-0220-0225; L-G-0227; L-G-0228; L-G-0229-0230; L-G-0231-0232; L-G-0241-0245; L-G-0246; L-P-0001-0002; L-P-0003; L-P-0004; L-P-0022; L-P-0162-0163; L-O-0001; L-O-0008-0009; and L-O-0010.

Defendant contends the remaining documents are protected by the work product doctrine. Documentary evidence qualifies as work-product if it is prepared by an attorney "in anticipation of litigation." National Union Fire Ins. v. Murray Sheet Metal, 967 F.2d 980, 984 (4th Cir.1992).; see also In re Grand Jury Proceedings, 33 F.3d 342, 348 (4th Cir. 1994) ("The work product privilege protects the work of the attorney done in preparation for litigation."). In order to qualify, "[t]he document must . . . [have been] prepared because of the prospect of litigation;" "materials prepared in the ordinary course of business . . . or for other non-litigation purposes" are not protected. Id. (emphasis in original).

Defendant asserts that the documents identified as L-G-0204-0210 are protected because they contain notes and annotations by Defendant's in-house counsel. The Court has reviewed these documents and is unable to observe any indication of notes or annotations located on the face of the documents. Accordingly, Defendant is ordered to produce these documents. Should Defendant's copy of these documents reflect notes, annotations or other markings on its face, Defendant should redact such information prior to producing the documents.

Defendant contends the documents marked as L-P-0164-0211 are also protected because these are the supporting documents used to create the compensation chart, which was ordered by in-house counsel. Although the compensation chart was compiled at the direction of in-house counsel

and is therefore protected by the work product doctrine as stated herein, the raw data used to create the chart did not originate from or at the direction of counsel.  Moreover, these documents appear to be applications and resumes kept in the ordinary course of Defendant's business.  Further, nothing on the face of the documents, without further explanation, indicates that these documents were prepared in anticipation of litigation or reflect an attorney's mental impressions so as to sustain claims of protection under the work product doctrine.  Defendant has not carried its burden to demonstrate these documents are protected by the work-product doctrine.  As such, Defendant is directed to produce documents identified as L-P-0164-0211.

Finally, turning to the documents labeled L-O-0040-0042 and L-O-0043-45, Defendant does not allege these documents were prepared "in anticipation of litigation," but instead asserts these notes were "prepared in preparation for a meeting with" Cliff Hambleton or George O'Bar. (Privilege Log for 11/06/06 Production; see also Doc. No. 66-1, ¶¶ 42-43).  The notes do not constitute the work of an attorney, but instead, were prepared by an employee upon the advice of Defendant's in-house counsel.  Accordingly, the work product doctrine is inapplicable to these documents.  See In re Grand Jury Proceedings, 102 F.3d 748, 752 (4th Cir.1996) (internal report documenting bank's investigation of whether bank had committed a crime, which was prepared by non-lawyer bank employee, not subject to work product doctrine).  Defendant has neither asserted nor argued attorney-client privilege regarding these documents.  As such, Defendant is ordered to product documents L-O-0040-0042 and L-O-0043-0045, which appear to be copies of only two documents in triplicate.

IT IS, THEREFORE, ORDERED that Defendant's Motion to Submit Additional Documents is GRANTED.  Defendant is hereby ORDERED to produce the non-privileged documents as ordered

herein by close of business on Thursday, November 9, 2006. In sum, Defendant must produce the documents labeled as L-G-0204-0210; L-P-0164-0211; L-O-0040-0042 and L-O-0043-0045. All other documents submitted to the Court are deemed privileged or protected by the work product doctrine. As to the remaining issues in Plaintiffs' Motion for Sanctions, the Court will review Defendant's response to Plaintiff's Motion (received November 7, 2006) and awaits to see whether Defendant complies with this Order. Should the parties reach an amicable resolution to the remaining issues, the parties are ordered to inform the Court within twenty-four (24) hours of such resolution. Unless otherwise modified by further Court Order or upon agreement of the parties, Plaintiff is entitled to conduct depositions through November 20, 2006, and Defendant will have from November 20, 2006, to November 27, 2006, to conduct or reopen any depositions. The discovery deadline of November 27, 2006, as well the other deadlines set by the Court, remain in effect.

IT IS SO ORDERED.

Signed: November 8, 2006

Frank D. Whitney
United States District Judge