IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL NO. 5:04-cv-00019-W

| | |
|---|---|
| GEORGE A. O'BAR, and JACOB A. PEARCE, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ORDER ) ) |
| LOWE'S HOME CENTERS, INC., | ) ) |
| Defendant. | ) ) ) |

THIS MATTER is before the Court on Plaintiffs' Motion for Reconsideration of the Court's Order entered November 8, 2006 (Doc. No. 71), Plaintiffs' Memorandum in Support of their Motion (Doc. No. 72), and Defendant's Memorandum in Opposition to Plaintiffs' Motion (Doc. No. 73).

Plaintiffs' Motion requests the Court to reconsider and extend the deadlines for conducting depositions as stated in the Court's Order of November 8, 2006 (Doc. No. 70). Plaintiffs' motion does not comply with Local Rule 7.1, which requires that motions "should show that counsel have met and attempted in good faith to resole areas of disagreement and should set forth which issues remain unsolved." Indeed, Defendant's Memorandum in Opposition notes that the parties have had discussions and reached a tentative agreement to allow depositions to occur outside the November 20, 2006, deadline for Plaintiffs. Further, the accompanying affidavit to Defendant's response states, "[W]e agreed that we would permit plaintiffs to take depositions of certain personnel outside the Court's schedule, because those individuals had conflicts, but in sufficient time . . . to file by the Court's December 11, 2006 deadline. We are still negotiating the schedule with plaintiffs, but have agreed on some dates and believe we can reach agreement on all dates." (Doc. No. 73-2, ¶ 5). The

Court cautions counsel, particularly Plaintiffs' counsel, that the filing of motions must comply with Local Rule 7.1. The importance of the requirement that the movant must consult with opposing counsel is especially obvious here where it appears the parties may be able to resolve the dispute without the Court's intervention.

Nevertheless, based on the arguments of the parties and Defendant's representation that some deponents have conflicts that prevent them from being deposed within the time frame previously ordered by the Court, the Court will reconsider its earlier Order and modify the prior deadlines. Plaintiff will have to and through November 24, 2006, to conduct any depositions and Defendant will have from November 27, 2006, to and through December 1, 2006, to conduct depositions. The Court hereby extends the discovery deadline until December 1, 2006.

IT IS, THEREFORE, ORDERED that Plaintiffs' Motion for Reconsideration is GRANTED. Plaintiffs shall have until November 24, 2006, to conduct depositions, and Defendant shall have until December 1, 2006, to conduct or reopen any depositions. The discovery deadline for all parties is extended until December 1, 2006. The Court encourages the parties to modify these deadlines by agreement, as necessary; however, all other motions and hearing deadlines remain in tact and binding as set forth by the Court in its Order of October 5, 2006. (Doc. No. 53).

IT IS SO ORDERED.

Signed: November 13, 2006

Frank D. Whitney
United States District Judge