# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION

## CIVIL NO. 5:06cv133

| | |
|---|---|
| ANDREW J. SMITH, ) | |
| ) | |
| Plaintiff ) | |
| ) | **PRETRIAL ORDER AND** |
| v ) | **CASE MANAGEMENT PLAN** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

IN ACCORDANCE WITH the Local Rules of the Western District of North Carolina and pursuant to Rule 16 of the Federal Rules of Civil Procedure, the undersigned enters the following Pretrial Order and Case Management Plan in this matter.

### DEADLINES AT A GLANCE

| | |
|---|---|
| **Rule 26 Disclosures:** | March 1, 2007 |
| **Discovery Completion:** | August 30, 2007 |
| **Expert Reports:** | April 1, 2007 (plaintiff) |
| | April 15, 2007 (defendant) |
| **Mediation:** | September 15, 2007 |
| **Motions:** | October 1, 2007 |
| **Trial:** | 1st Civil Session in January 2008 |

I.

A.   TRACK ASSIGNMENT: This case is assigned to the STANDARD Case Management Track.

II.

A.   DISCOVERY GUIDELINES: Each party may propound no more than **20** single part interrogatories; each party may submit no more than **20**

request for admissions to any other party; each party may depose no more than **10** fact witnesses without prior approval of the Court. Parties may, by agreement, increase the numbers set forth in this paragraph or, if unable to agree, may seek Court intervention by proper motion.

B. RULE 26 DISCLOSURES: The information required by Federal Rule of Civil Procedure 26(a)(1) shall be exchanged no later than **MARCH 1, 2007.**

C. RESPONSES TO INTERROGATORIES AND REQUESTS FOR ADMISSION: Every response to an interrogatory or request for admission, and every objection thereto, shall be preceded by the original number and complete text of the corresponding interrogatory or request for admission.

D. THE MAINTENANCE OF DISCOVERY MATERIALS: Discovery materials are <u>NOT</u> to be filed. All counsel are advised to consult the local rule which provides that while depositions, interrogatories, and requests for admission, and responses thereto, must still be <u>served</u> on all parties, <u>they are no longer to be filed</u> unless upon order of the Court. The parties are responsible for the preservation of any and all discovery materials they may generate.

E. VIDEO DEPOSITIONS: If video depositions are taken and counsel intend to use them at trial, counsel are directed to resolve any objections and edit the video accordingly so that the video may be shown without interruption. Failure to do this prior to trial will result

in objections being deemed to be waived.

F.    PROTECTIVE ORDERS: Any objections made to discovery requests shall be accompanied by a draft proposed protective order if such order is, or will be, requested. When counsel submit proposed protective orders, they shall include a provision leaving the ultimate disposition of protected materials subject to a final order of the Court on the completion of litigation.

G.    DISCOVERY COMPLETION: All discovery shall be completed no later than **AUGUST 30, 2007**. Counsel are directed to initiate discovery requests and notice or subpoena depositions sufficiently in advance of the discovery completion deadline so as to comply with this Order. Discovery requests that seek responses or schedule depositions after the discovery completion deadline are not enforceable except by order of the Court for good cause shown. The parties may consent to extensions of the discovery completion deadline so long as any such extension expires not later than ten (10) days prior to scheduled trial time. If a party requests an extension of time to respond to discovery requests or to extend the discovery deadline, the result of consultation with opposing counsel must be stated in the motion.

H.    EXPERT WITNESSES: Each side shall be entitled to call up to **5** expert witnesses without further leave of the Court. Reports for retained experts under Rule 26(a)(2) will be due from the plaintiff no later than **APRIL 1, 2007** and from defendant no later than **APRIL 15, 2007**. Supplementations under Rule 26(e) shall be ongoing throughout these proceedings.

III.

A. MOTIONS DEADLINE: All motions except motions in limine and motions to continue shall be filed no later than **OCTOBER 1, 2007**. Parties may not extend this deadline by agreement and stipulated extensions of the completion of discovery do not extend the Motions Deadline.

B. MOTIONS HEARINGS: Hearing on motions ordinarily will be conducted only when the Rules require a hearing, or when the papers filed in support of and in opposition to the motion do not provide an adequate basis for decision.

All motions requiring a hearing will be heard as soon as is practical. The Clerk will notify all parties as far in advance as possible of the date and time set for the hearing.

C. MEMORANDA IN SUPPORT OF MOTIONS: Every motion shall include, or be accompanied by, a brief written statement of the facts, a statement of the law, including citations of authority and the grounds on which the motion is based. No brief may exceed 25 pages without Court approval. Motions not in compliance with this order are subject to summary denial.

D. RESPONSES TO MOTIONS: Responses to motions, if any , must be filed within fourteen (14) days of the date on which the certificate of service is signed. Pursuant to Rule 6(e) of the Rules, when a party serves a motion by mail, the respondent shall have an additional three (3) days to file a response. Where a motion is not responded to within the time provided, the Court will routinely grant he relief requested, if

good cause is shown in such motion. The filing of a reply brief is not mandatory but should be limited to a discussion of matters newly raised in the response. See LR &.1(B), "Time Frames for the Filing of Responses to Motions and for Reply Motions."

E. EXTENSIONS OF TIME TO RESPOND: If counsel need more than fourteen (14) days to file a response, they shall file a motion for extension of time to respond, accompanied by a proposed order. The moving party must show consultation with opposing counsel regarding the requested extension and must notify the Court of the views of opposing counsel on the request. If a party fails to make the requisite showing, the Court may summarily deny the request for extension.

F. MOTIONS TO COMPEL: A motion to compel must include a statement by the movant that the parties have conferred in good faith in an attempt to resolve the dispute and are unable to do so. After reviewing the merits of a motion and the response thereto, the Court may order the parties to confer again in a good faith attempt to resolve the dispute or to narrow the issues. Consistent with the spirit, purpose, and explicit directives of the Federal Rules of Civil Procedure, the Court expects all parties to attempt in good faith to resolve discovery disputes without he necessity of Court intervention. Failure to do so may result in appropriate sanctions.

## IV. TRIAL PROCEDURES

A. TRIAL SUBPOENAS: Counsel must subpoena all witnesses <u>at least ten (10) days</u> before he day on which the Clerk of Court has set the case

for trial. The Court <u>may</u> elect not to enforce subpoenas that have not been issued in compliance with this deadline or, if requested, <u>may</u> quash subpoenas that have not been issued in compliance with this deadline.

B. COUNSEL'S DUTIES PRIOR TO TRIAL: <u>Either one week before trial or at the final pretrial conference</u>, which ever is later, counsel for all parties shall:

(a)  Discuss the possibility of a settlement;

(b)  Exchange copies of exhibits or permit inspection if copying is impractical;

(c)  Number and become acquainted with all exhibits; and

(d)  Agree upon the issues, reduce them to writing and file three copies with the Court. If counsel cannot agree upon the issues, each party is directed to write his/her own version and file it with the Court in triplicate;

(e)  Agree upon stipulations of fact and file three copies with the Court. The parties are encouraged to stipulate to as many facts a possible to facilitate the trial of the case;

(f)  Submit a trial brief addressing all questions of law and any anticipated evidentiary issues;

(g)  In all non-jury cases, submit proposed Findings of Fact and Conclusions of Law; and

(h)  Submit proposed jury instructions, as described below.

C. PROPOSED JURY INSTRUCTIONS: If a jury trial has been requested, all counsel shall submit proposed jury instructions **no later**

**than one week** before the day on which the Clerk of Court has set the case for trial or the day of the final pretrial conference, whichever is later. Additional instructions may be submitted during the trial as circumstances may require. Counsel should number each proposed instruction and shall submit each proposed instruction on a separate page. Each proposed instruction <u>must</u> contain a supporting citation(s) as a footnote. A proposed instruction without a supporting citation will not be considered. Boilerplate introductory instructions are not required to be submitted.

D. JURY VOIR DIRE: Following initial voir dire by the Court, counsel will be given a limited opportunity to conduct additional voir dire, subject to the Court's supervision for reasonableness and relevance.

E. SANCTIONS FOR COUNSEL'S FAILURE TO MEET DEADLINE FOR FILING: If any party fails to comply timely, the Court <u>may</u> impose sanctions, including but not limited to, a $50.00 per day fine assessed against counsel.

F. COUNSEL'S PRE-TRIAL FILINGS: No later than **the morning of the first day of trial**, counsel for each party shall file with the Clerk of Court an original and four (4) copies of the following:

(a) A witness list containing the name of every proposed witness.

(b) A statement of the education, experience, and qualifications of each expert witness, unless the parties have stipulated to the qualifications of each expert witness;

(c) Stipulations concerning the authenticity and admissibility of as many proposed exhibits as possible; and

(d)  An exhibit list.

No later than **14 days** prior to the first day of trial, counsel for each party shall file with the Clerk of Court an original and four (4) copies of any motion *in limine*. Responses to any such motion must be filed no later than **7 days** prior to the first day of trial.

G.  EXHIBIT NOTEBOOKS: If counsel for any party intends to tender more than fifteen (15) documentary exhibits, counsel for that party shall prepare <u>four (4) identical exhibit notebooks,</u> or sets of exhibit notebooks. Each exhibit notebook, or set of exhibit notebooks, shall contain an index of the exhibits and a copy of each exhibit. Counsel shall tab each exhibit and shall numerically arrange each exhibit notebook, or set of exhibit notebooks. Four (4) identical exhibit notebooks, or sets of exhibit notebooks, are necessary so that the witness and Court personnel each have an exhibit notebook, or set of exhibit notebooks.

H.  FORMAT FOR EXHIBIT LIST: In preparing the exhibit list, counsel separately shall identify and number each exhibit, shall arrange the list numerically by exhibit number, and shall place the following headings on the exhibit list:

<u>Exhibit #</u>     <u>Description</u>     <u>Identified by</u>     <u>Admitted</u>

It is not necessary for counsel to make entries in either the "Identified by" column or the "Admitted" column.

I.  ASSESSMENT OF JURY COST: Whenever a civil action scheduled for a jury trial is settled or otherwise disposed of in advance of the actual trial, the Court may assess all jurors' costs, including Marshal's

fees, mileage reimbursement, and <u>per diem</u> fees, equally against the parties or otherwise may determine appropriate assessments unless he Clerk's Office is notified at least one (1) full business day prior to the date on which the action is scheduled for trial or the parties establish good cause why the Court should not assess jury costs against the parties. When any civil jury trial is settled at trial in advance of the verdict, the Court likewise may make the same assessments unless the parties establish good cause wh the Court should not do so.

V.

A. TRIAL DATE: Trial is scheduled to commence **WITHOUT** a jury during the first civil trial term beginning on or after **JANUARY 1, 2008.**

B. LENGTH OF TRIAL: Trial is anticipated to last **3 days.**

C. MEDIATION: Mediation **IS** ordered in this case. Mediation shall be completed on or before **SEPTEMBER 15, 2007**.

D. A district judge or magistrate may convene a settlement conference at any time.

VI.

A. OUT-OF-DISTRICT COUNSEL: Out-of-district counsel are advised that they may appear without counsel who are residents of this district, but that, if they so appear, they will be held to the same standards of promptness and availability and attendance at all proceedings as counsel who live in this district.

VII.

A. To the extent that any provision of the local rules conflict with this

Order, this Order shall govern. This Order is subject to modification only by Order of this Court and may not be modified by agreements among the parties.

Signed: February 6, 2007

_____
Dennis L. Howell
United States Magistrate Judge