# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL NO. 5:04-cv-00019-W

| | |
|---|---|
| GEORGE A. O'BAR, and JACOB A. PEARCE, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> LOWE'S HOME CENTERS, INC., ) <br> ) <br> Defendant. ) <br> ) | **ORDER ON PLAINTIFFS' MOTION FOR CLARIFICATION AND FOR RECONSIDERATION and DEFENDANT'S MOTION FOR RECONSIDERATION** |

THIS MATTER is before the Court on several motions of the parties, including Plaintiffs' Motion for Clarification and for Reconsideration (Doc. No. 92), filed January 3, 2007; Plaintiffs' Memorandum in Support of their Motion for Clarification and for Reconsideration (Doc. No. 93), filed January 3, 2007; Defendant's Response in Opposition to the Motion for Clarification and for Reconsideration (Doc. No. 106), filed January 22, 2007; and Plaintiffs' Reply to Defendant's Response (Doc. No. 114), filed January 29, 2007.

Additionally, this matter is before the Court on Defendant's Motion for Reconsideration (Doc. No. 97), filed January 9, 2007; Defendant's Memorandum in Support of its Motion for Reconsideration (Doc. No. 98), filed January 9, 2007; Plaintiffs' Memorandum in Opposition to Defendant's Motion for Reconsideration (Doc. No. 112), filed January 26, 2007; and Defendant's Reply to Plaintiff's Memorandum in Opposition (Doc. No.120), filed February 9, 2007; and Plaintiffs' Surreply to Defendant's Motion for Partial Reconsideration (Doc. No. 123), filed February 16, 2007.

For the following reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' Motion for Reconsideration, GRANTS Plaintiffs' Motion for Clarification, and DENIES Defendant's Motion for Reconsideration.

### PLAINTIFFS' MOTION FOR RECONSIDERATION

Plaintiffs request the Court to reconsider its earlier Order granting summary judgment on several of its claims for promotion discrimination, retaliation, and compensation discrimination. Plaintiffs' contend their Second Amended Complaint asserts a "pattern-or-practice" of discrimination. Plaintiffs rely on this characterization of their claims in arguing that the Court improperly considered the merits of the individual claims. According to Plaintiffs, the Court should have denied summary judgment on all claims and allowed them to go forward to a jury to show a pattern-or-practice of discrimination by Defendant. Plaintiffs fail to recognize, however, that pattern-or-practice claims are appropriate at the class stage, and that the merits of each individual is a separate consideration for the Court.

"Pattern-or-practice suits, by their very nature, involve claims of classwide discrimination. Such claims involve an allegation that the defendant's actions constitute a pattern of conduct in which the defendant intentionally has discriminated against the plaintiff's protected class." Lindemann, Barbara & Paul Grossman, Employment Discrimination Law, Ch. 2, § III (p. 44, n. 168) (1999) (citing Hazelwood Sch. Dist. v. United States, 433 U.S. 299, 303 (1977); Teamsters v. United States, 431 U.S. 324, 335 (1977); Lopez v. Metropolitan Life Ins. Co., 930 F.2d 157, 160 (2d Cir. 1991)). Accordingly, Plaintiffs characterization of the allegations as a "pattern-or-practice" does not save the individual claims from summary judgment. In ruling on Defendant's Motion for Summary Judgment, the Court considered the allegations in the Complaint as they related to the named

individuals, not the class. See Ardrey v. United Parcel Service, 798 F.2d 679, 685 (4th Cir. 1986) ("Plaintiffs confuse their 'class-based' claims-as potential representatives of a class of [the employer's] employees - with their individual attempts to show a discriminatory pattern and practice by [the employer]."). Thus, the Court will not reconsider its Order on summary judgment based on Plaintiffs' pattern-or-practice arguments. Although Plaintiffs' pattern-or-practice allegations are insufficient to withstand summary judgment on their individual claims, Plaintiffs may be able to present the dismissed claims as examples in order to demonstrate a pattern-or-practice of compensation discrimination on a class-wide basis, if a class is certified. See Employment Discrimination Law, Ch. 2, § III (p. 44-45) (noting that although anecdotal evidence of individual instances of discrimination is appropriate, "[p]roof of isolated discriminatory acts is insufficient to establish a prima facie case of a pattern or practice of discrimination.") (citations omitted).

Plaintiffs also contend the Court erred in granting summary judgment on Plaintiffs individual promotion discrimination and retaliation claims (specifically identified on the Exhibit as claims 6, 7, 9, 10) because questions of fact on exist as to the merits of those claims. The Court did not reach the merits of these claims, but granted summary judgment based on Defendant's arguments that these claims were abandoned because they were not included in Plaintiffs' Second Amended Complaint. Plaintiffs have requested the Court allow leave to amend their Second Amended Complaint to include these "abandoned" claims. (Doc. No. 123, p. 5).

After revisiting Plaintiffs' Second Amended Complaint, as well as the Fourth Circuit case of Jordan v. Alternative Resources Corp., 458 F.3d 332 (4th Cir. 2006), which the Court finds

distinguishable on these facts,[1] the Court is no longer persuaded that summary judgment was appropriate based on the fact Plaintiffs' Second Amended Complaint failed to specifically identify every and all instances of promotion discrimination and retaliation. Accordingly, the Court, in its discretion and after reconsidering its earlier order, withdraws, in part, its earlier order granting summary judgment on Claims 6, 7, 9, and 10 (as enumerated in the Exhibit). Instead, the Court will grant Plaintiffs' request to amend their complaint to include these claims. Plaintiff is ordered to file its amended complaint within ten (10) calendar days from the date of this Order. Defendant shall file its Answer within ten (10) calendar days. Dispositive motions will be allowed on the new allegations only, and must be submitted within ten (10) calendar days of the filing of Defendant's Answer. Any response to the dispostive motions shall be filed within seven (7) days. The briefs are limited to eight (8) pages in length as no discussion of the background or procedural posture is necessary at this stage. The Court will allow the movant to file a three-page reply brief three (3) calendar days after the response is filed, and no surreply will be permitted. Defendant is and has been on notice of these claims as evidenced by their inclusion on the Exhibit, and the Court finds that further discovery on these claims by either Plaintiffs or Defendant is unnecessary.

The Court denies Plaintiffs' request for reconsideration of the portion of the Order granting summary judgment for Defendant's on Claim 13. Although the Court finds that evidence exists to raise a genuine issue of fact as to whether O'Bar's lateral transfer constitutes retaliation, the evidence does not rise to the level of a "constructive discharge." No evidence creates a genuine issue of

---

[1] Unlike the case at bar, the court in Jordan considered the sufficiency of the complaint at the motion to dismiss stage. The court was careful to note that the dismissal was not premised on Jordan's failure to give notice of his claim to the parties, but instead, considered whether the plaintiff had stated a claim for discrimination under § 1981 upon which relief could be granted. Id. at 346. Here, Defendant argued for summary judgment on Plaintiffs' claims 6, 7, 9, and 10 based on Plaintiffs' failure to give notice of these claims pursuant to Rule 8. Thus, the Court finds Jordan to be distinguishable.

material fact to support O'Bar's claim for constructive discharge or "intolerable working conditions," particularly in light of Defendant's offer to compensate O'Bar for the transfer, O'Bar's refusal of the relocation package, and O'Bar's admission that he enjoyed the new position, managed many of the same stores, and received the same compensation. Instead, the evidence shows Defendant is entitled to judgment as a matter of law. Accordingly, the Court's Order granting summary judgment on this claim remains unchanged.

### PLAINTIFFS' MOTION FOR CLARIFICATION

In addition to their Motion for Reconsideration, Plaintiffs have moved for clarification of the Court's Order on summary judgment. Plaintiffs contend Defendant's Exhibit, upon which the Court relied on in making its ruling, contained several omissions and mischaracterizations of the claims at issue. Specifically, Plaintiffs argue the Exhibit failed to include: (1) "all Title VII compensation claims;" (2) "other Title VII and § 1981 compensation-related disparate treatment claims;" (3) "the ongoing nature of the compensation claims under Title VII and § 1981;" and (4) "other female and racial minority comparators that exemplify the pattern and practice of race and gender-based compensation discrimination . . . ." (Doc. No. 93, p. 6). In sum, Plaintiffs request clarification of the Court's ruling and its effect on their compensation claims that may or may not have been specified in Defendant's Exhibit.

In numbers 1, 2, and 4 above, Plaintiffs request clarification as to the Order's effect on various unspecified compensation violations. Without identification of specific instances of compensation discrimination, the Court can only presume that Plaintiffs' arguments contained in the above numbers 1, 2, and 4 concern claims that may arise under a class certification, and do not

refer to violations involving the individual Plaintiffs.² Inasmuch as Plaintiffs' argument relates to pattern-or-practice claims related to a class, the Court has already clarified herein that these were not the subject of Defendant's summary judgment motion.

As to the individual claims that appear to be the subject of number 3, Plaintiffs assert that Defendant's compensation discrimination against Plaintiffs is a "continuing violation," as opposed to individual discrete acts. As noted by Judge Boyle in the unpublished opinion in Reynolds v. Ingram, 2000 WL 33682680 (E.D.N.C. 2000), the Fourth Circuit has yet to provide clarity on this issue:

> The Fourth Circuit has never delineated what constitutes a "continuing violation." In unpublished decisions, it has taken notice of the tests adopted in other Circuits. See Emmert v. Runyon, 178 F.3d 1283, 1999 WL 253632, (4th Cir.1999) (citing DeNovellis v. Shalala, 124 F.3d 298, 307 (1st Cir.1997) (finding continuing violation in case in which violation is systemic or serial); Malhotra v. Cotter & Co., 885 F.2d 1305, 1310 (7th Cir.1989) (finding continuing violation whenever "plaintiff had no reason to believe he was a victim of discrimination until a series of adverse actions established a visible pattern of discriminatory mistreatment"); Berry v. Board of Supervisors, 715 F.2d 971, 981 (5th Cir.1983) (finding continuing violation when three-prong test involving type of conduct, frequency of alleged acts, and degree of permanence of acts is satisfied).

Without deciding which is the proper test in this Circuit, the Court finds that the evidence regarding Plaintiffs' compensation discrimination claims is sufficiently alike to constitute together one continuous chain of events, which appears to be a common requirement in all three tests. See Reynolds, 2000 WL 33682680 at *4. For example, Plaintiffs allegations regarding compensation discrimination in the Henderson position initially arose with his hiring in October 1999; however, each new paycheck is sufficiently similar to the inital violation, and therefore constitutes a

---

²The Court indicated that its ruling effected the compensation claims identified in the Exhibit with respect to both § 1981 and Title VII, although the exhibit only identified § 1981 as the basis for the claim. Transcript of Hearing, December 22, 2006, p. 83.

"continuing violation." Because of the nature of the continuing violation, Plaintiffs are not limited to each discrete act (*i.e.*, the initial hiring and offer of compensation) for their claims, so long as the violation continued into the appropriate time period (four years before the date of filing for § 1981 claims; 300 days prior to the date of the EEOC filing for Title VII).

As a result, the Court will withdraw its award of summary judgment for Defendant on Claim 16 and, instead, will deny summary judgment and allow this claim to go to the jury. Plaintiffs, however, must be able to demonstrate Henderson received a salary that is the subject of the discrimination claim during the relevant time period. Similarly, Plaintiffs will be allowed to present evidence of a continuing violation as it relates to the compensation claims under Title VII and § 1981 as to Van Mansker, Kenneth Goyens, and the Fairness Program Managers.

#### DEFENDANT'S MOTION FOR RECONSIDERATION

Defendant requests the Court to also reconsider its earlier Order denying summary judgment on Claims 14 and 15. Defendant presents no new argument and instead reiterates the same arguments that were previously before the Court in its Motion for Summary Judgment and Supplemental Motion for Summary Judgment. Accordingly, Defendant's Motion to Reconsider is denied.

#### CONCLUSION

IT IS, THEREFORE, ORDERED that Plaintiffs' Motion for Reconsideration (Doc. No. 92) is GRANTED IN PART and DENIED IN PART. Plaintiffs are ordered to file their amended complaint within ten (10) calendar days from the date of this Order, and the parties will follow the dispositive motion briefing schedule as set forth herein. The Court's Order of December 22, 2006,

is modified such that Defendant's Motion for Summary Judgment is DENIED as to claims 6, 7, 9, 10, and 16, for the reasons stated herein.

Plaintiffs' Motion for Clarification is GRANTED (Doc. No. 92) and explained herein. Defendant's Motion for Reconsideration (Doc. No. 97) is DENIED.

IT IS SO ORDERED.

Signed: February 22, 2007

Frank D. Whitney
United States District Judge